JAMES H. GUDGELL, Plaintiff in Error, *v.* ELIAS PETTIGREW *et al.*, Defendants in Error.

ERROR TO BUREAU.

If arbitrators, under a reference by rule of court, make an extra allowance to themselves, to be paid by the party in whose favor the award is made, the opposing party cannot vacate the award for that reason.

An award is not uncertain, nor less final, because certain amounts are to be paid in proportion to the interests of parties, where the bill out of which spring the award defines the interests of the parties, and the answer admits them.

It would seem that a party dissatisfied with an award should take exception to it in the court below.

Gudgell v. Pettigrew et al.

It is not objectionable for arbitrators to appoint a receiver where one is sought by the bill, partnership accounts being the subject of controversy, and the decree confirming the award making the same person receiver.

THE allegations of the bill are, that on March 24, 1856, Pettigrew and Gudgell became partners—no time limited—equal in loss and profit. Petigrew put in $1,482.96, and Gudgell, $900.

Gudgell was to put in $100 more; Gudgell was not to take anything out for the first year unless he paid down for it.

The partnership continued until February 27, 1857, when Homer became a partner. Homer paid $591.68 for the interest; was to pay $552.11 in one year, ten per cent.; partnership property computed to be worth $3,431.37; equal as to profit and loss.

This last partnership continued till July 22, 1857, when Pettigrew bought Gudgell's interest in stock of goods on hand, paying him $801, which Gudgell owed Pettigrew for arrears in capital, and also for what Gudgell had become indebted to Pettigrew during their continuance in business; and Pettigrew also paid Gudgell, in addition, $640.26, as he agreed, within one year thereafter.

At this time Reed became a member of the firm, as an equal partner; no fixed duration arranged between Gudgell and last firm; that firm should retain the notes and account books of Gudgell & Pettigrew, and Gudgell, Pettigrew & Homer, and collect the same.

They were to pay debts against said two firms as fast as they should collect.

This firm was authorized by Gudgell to pay these debts faster than they collected, and Gudgell agreed to account with them for his proportion of the debts over the collections.

That orators proceeded with dispatch in collecting, and have paid the debts faster than they made collections.

Orators have paid of the debts due from Gudgell & Pettigrew, $1,680.26; of those due from Gudgell, Pettigrew & Co., $3,862.09. They have collected for Gudgell & Pettigrew, $1,529.74, and for Gudgell, Pettigrew & Co., $2,577.85.

Excess over collections, Gudgell & Pettigrew, $150.52; excess over collections, Gudgell, Pettigrew & Co., $1,284.24. No part of this excess paid to orators by defendant.

When Gudgell went out of the concern, Gudgell & Pettigrew owed, in all, $2,274.07. There was due, excluding notes, to Gudgell & Pettigrew, $2,253.79; there was due Gudgell, Pettigrew & Co., in book accounts, $4,424.20; they owed, then, $3,798.74.

The two firms had notes to amount of $1,628.70—greater portion belonged to first firm; can't tell how much due each.

Defendant, by intrigue and stratagem, has got most of the notes and the account books of Gudgell & Pettigrew, and the invoice books of all the firms.

Has collected extensively notes and accounts, and rendered no account thereof to orators; they cannot tell how much; Gudgell will not tell them; has paid no debts of said firms.

Wm. Blake got a judgment against Gudgell & Pettigrew for $700, which he, Gudgell, agreed to pay. Instead of paying the judgment, he caused Pettigrew's real estate to be sold on it, and had Karns buy it in his name for him (Gudgell).

Prayer that Gudgell make no further collections of debts due Gudgell & Pettigrew, and Gudgell, Pettigrew & Co.; that the court refer to the master to state an account. That a decree may be entered in favor of orators for what may be due them from Gudgell. That a receiver may be appointed to collect the claims due Gudgell & Pettigrew, and Gudgell, Pettigrew & Co., and pay whatever debts due from said firms may yet be outstanding. That the proceeds remaining in said receiver's hands may be distributed as to the court shall seem right and proper. That the sale aforesaid of Pettigrew's property be canceled and held void, and the certificate be surrendered to the court, to be given up to Pettigrew. Other and further relief, etc.

Upon these allegations and answers, denying some and admitting others, and replications, the case was referred to three arbitrators, or referees.

The arbitrators reported to the court the following award:

1st. That Gudgell pay to the complainants composing the firm of Pettigrew, Reed & Co., $518.

2nd. That Gudgell, the defendant, should pay two judgments against Pettigrew & Gudgell, one in favor of Eckles & Kyle, for $110, and the other for $110, in favor of Flanders & Co., and assigned to Robert M. Karns.

3rd. That the sale made by the marshal, on the judgment in favor of Blake against Pettigrew & Gudgell, which Karns purchased, be canceled and annulled, and that the certificate and deed, or whatever else Karns or Gudgell received as evidence of his purchase, be given up to Pettigrew.

4th. That A. B. Woodford be appointed receiver, to collect debts due Pettigrew & Gudgell, and Pettigrew, Gudgell & Co., and to pay the debts of these firms as fast as the claims are collected. After payment of debts and costs of collection, the overplus, if any, to be paid over by the receiver to the proper parties to receive the same, in proportion to their respective interests.

5th. That Pettigrew shall, in the first instance, pay the arbitrators' fees, amounting to $102, as appears by the bill of costs

attached to the award, and the further sum of $15, as his share of costs and witness' fees by him made by virtue of the arbitration.

6th. That Gudgell, within sixty days, pay Pettigrew $51, being one-half of said arbitrators' fees, which we determine that Gudgell should pay Pettigrew, by virtue of said arbitration.

7th. That Gudgell pay $34.56, being the amount of his costs for witness and constable fees in the arbitration.

Arbitrators' fees charged at two dollars per day—seventeen days each, $102 in all. Witnesses, one dollar per day.

The decree of the court is, that the award be confirmed. It is then decreed: 1st, 2nd, 3rd and 4th as in the award, and 5th, that the costs of the arbitration shall be paid by Gudgell, as provided for by said award. It is then decreed that Gudgell shall pay to the said Pettigrew, Reed & Co., the sum of $518, (with interest thereon from the date of making said award, to wit, Feb. 27, 1860, till paid,) within thirty days from the adjournment of the court, and that in default thereof, execution issue as on judgments at law. That if Gudgell fail to pay the judgments of Eckles & Kyle against Pettigrew & Gudgell, and Flanders & Co. against the same, within sixty days from Feb. 27, 1860, Pettigrew shall be permitted to pay them, and on filing vouchers of such payment with the clerk of the court, execution shall issue against Gudgell for the amount of such vouchers, as on judgments at law, and that the costs of this suit, except as provided by the award, be paid by Gudgell.

The errors assigned are, that the award and decree are not certain, final and conclusive.

That the arbitrators have exceeded their authority, under the laws and under the order of reference.

And that the court erred in confirming the award and rendering the decree for complainants.

LELAND, LELAND & STIPP, for Plaintiff in Error.

M. T. PETERS, for Defendants in Error.

BREESE, J. In the progress of this cause in the Circuit Court, submission bonds were entered into by the parties, and the cause regularly referred, under a rule, to arbitrators. Their award was made and filed, and a decree of the Circuit Court entered in conformity thereto. The case is brought here by writ of error, and it is assigned as error that the award and decree are not certain, final and conclusive — that the arbitrators have exceeded their authority under the law, and under the order of

Gudgell *v*. Pettigrew et al.

reference — and that the court erred in confirming the award, and rendering a decree for the complainants.

It is now suggested, on behalf of the plaintiff in error, under this assignment of error, that —

The award of two dollars per day to the arbitrators is double the amount to which they were entitled by law, and the decree is erroneous in this.

The decree and award are not certain and final in this, that the amount of the surplus of collections over payments by the receiver, is to be paid to the proper parties in proportion to their respective interests. Their proportions are not fixed, but the whole is left to the discretion of the receiver.

The allegation in the bill is, that the complainants were to collect the assets and pay the debts, and Gudgell was to account for his proportion of the deficiency. The bill was filed before the complainants had performed their trust. The bill should either have alleged that the whole assets had been collected and applied, or should have stated what assets were not yet collected and applied, and the reason why it had not been done. Could a bill be filed to settle every time there was a collection and payment on account of the debts? *Non constat*, but when all the collectable debts are collected, and all the firm debts paid, there may be a balance due Gudgell.

The arbitrators had no authority to appoint a receiver. This power was not delegated to them by the court. If there was a necessity for a receiver to complete the duty which the complainants had undertaken, (to collect and pay debts) the final decree should not have been made until he had discharged that duty. No final decree could be made before the trust which the complainants had assumed was discharged.

There is no allegation in the bill which would authorize the arbitrators to award and the court to decree that Gudgell should pay the two judgments of $110. There is no allegation in the bill that these two judgments were rendered for partnership debts. They may have been rendered on a joint note or other indebtedness in no way connected with the partnership.

It is decreed that Pettigrew shall have execution, not for a certain sum, but for the amount of such vouchers as he shall file with the clerk.

The decree for costs is uncertain, and the amount of the judgment in this respect can only be made certain by reference to the award and by a calculation.

That the whole matter, instead of being finally settled by the award and decree, is left open and in confusion, and another suit will be necessary to arrive at justice between the parties. That the receiver will be under the necessity of stating the

whole account over again, and will have to take into account the amount paid by the defendant under the decree in order to ascertain how to apportion the surplus, if any, between the several members of the several firms.

That the firm of Pettigrew, Reed & Co. are not entitled to a decree for the amounts which Gudgell might owe the several firms of Pettigrew & Gudgell, and Pettigrew, Gudgell & Co., and Pettigrew, Reed and Co. That as far as the firms of Pettigrew & Gudgell and Pettigrew, Gudgell & Co. are concerned, the complainants were merely agents to collect and pay for them, and each partnership account should be settled by and between the partners, and the agents should not, as complainants, have a decree for the several amounts due by Gudgell to the several firms.

And further, that the decree does not provide that the complainants shall apportion the amount of their decree among the several parties to whom it belongs. That another bill will be needed to settle this difficulty. And that the whole matter is in a more unsettled state than it was when the bill was filed.

To these suggestions, it is replied by the defendants in error, that —

The award against the plaintiffs in error was for one dollar per day only to each of the arbitrators, as the statute requires. That the award required the defendants in error, also, to pay to each of the arbitrators one dollar per day, in addition to their legal compensation, was not to the prejudice of the plaintiffs in error. The award was made in favor of the defendants in error, and the one dollar per day to each of the arbitrators, to be paid by defendants in error, was illegal as to them only, and not to the plaintiffs in error, and cannot be assigned for error by them.

There is no uncertainty in the award, that the surplus should be distributed to the proper parties in proportion to their respective interests, because the bill alleges, and the answer of Gudgell concedes, that the interest of Gudgell in the firm of Gudgell & Pettigrew was one-half, and in the firm of Gudgell, Pettigrew & Homer, one-third. The award and decree determined the balance due from Gudgell to the complainants, when the award was made and decree rendered. When Gudgell paid the amount thus awarded, and the sale of Pettigrew's land was canceled, the accounts between the parties up to that time would be balanced; and if the receiver collected of the credits due the firms of Gudgell & Pettigrew, and Gudgell, Pettigrew & Homer, more than enough to pay the debts due from such firms, of the surplus, the receiver should, of course, pay to Gudgell one-half of the surplus belonging to the firm of Gudgell & Pet-

tigrew, and one-third of the surplus belonging to the firm of Gudgell, Pettigrew & Homer.

The bill alleges that Gudgell, by false pretenses, had got possession of most of the notes, and all of the account books of the first and second firms, contrary to contract; that he had made large collections, and paid no debts, and would render no account, and would not permit the complainants to examine such notes and account books, so that they could ascertain what had or had not been collected, and Gudgell refused to re-deliver to the complainants any of them. By the award, these statements were found to be true, as it was for the complainants. Such facts furnish sufficient reasons for the filing of the bill, and show that complainants were prevented from completing the trust, by the wrongful acts of Gudgell, and Gudgell cannot complain that such trust was not completed; and that complainants did not state in their bill what claims were uncollected; and further, Gudgell consented by his answer that an account should be taken.

The arbitrators had the right to appoint a receiver, because not only the subject matter of this suit was submitted for their determination, but all their partnership affairs were referred to them for their decision, and one of the objects sought by the bill was the appointment of a receiver; but if the arbitrators had no such power, the court had, and the court's appointment of a receiver was not rendered invalid because the arbitrators had also made the same appointment. Further, Gudgell consented, in his answer, that a receiver should be appointed. And he cannot complain of such appointment.

The bill seeks an account to be taken between the parties, and a cancellation of the sale to Karns, and a decree against Gudgell, for what shall be found due from him to the complainants. There can be no error in awarding that Gudgell should pay two certain judgments against the firm of Gudgell & Pettigrew, which he should have paid. Both the award and decree state that those judgments were against the firm of Gudgell & Pettigrew. There is no more necessity of a special averment in the bill in regard to those debts, than in regard to any of the other partnership debts, but they are all embraced in the general averments in the bill.

If Gudgell had complied with the decree, and paid those two judgments, as was his duty, then there would be no occasion for an execution to issue in favor of Pettigrew. If he disobeyed the decree of court, and did not pay those judgments, he cannot complain if Pettigrew pays them, and has execution to recover of him what Pettigrew has paid for him and what he should have paid. Those judgments are clearly identified and distinguished, so that there could be no mistake as to what judgments were

intended ; and if so, then there could be no uncertainty as to the amount for which Pettigrew should have execution, if he paid those judgments.

The decree for costs is certain. It requires Gudgell to pay the costs in the Circuit Court, and the costs before the arbitrators as provided by the award. The award determines that Gudgell shall pay of the costs made before them, $85.56. This is certain enough to any one who wanted to pay, and does not require much calculation.

The receiver will not be required to state the accounts again. The decree when performed, will make the parties square, up to the time of its rendition. If there is any surplus to be distributed after the receiver has completed the collections and paid the debts, he will distribute such surplus as before indicated, one-half of the first firm's surplus to Gudgell, and the other half to complainants ; and likewise one-third of the second firm's surplus to Gudgell, and the other two-thirds to complainants.

The receiver will not take into account the amount paid under the decree to apportion the surplus, because the amount awarded to complainants, when paid by Gudgell, would balance the accounts between the parties, up to the making of the award, and the rendition of the decree.

The firm of Pettigrew, Reed & Co. are entitled to a decree against Gudgell for what he owed them, for his portion of the advances made by them to pay debts, over and above the collections. Such was the contract between Gudgell and the complainants, and by this arrangement all the complainants are jointly interested in such indebtedness as principals.

The bill was filed to settle the accounts between complainants and Gudgell, and not to make any adjustment between the complainants, and Gudgell cannot complain that the decree did not require the complainants to make an apportionment between themselves. That is a matter of no interest to Gudgell and Karns.

No objections were made in the court below to the form or validity of the award. The only objection there taken was to its justice. No exception was taken in the court below to the confirmation of the award. Defendants in error insist that no objection having been made in the court below to the validity of the award, or exception taken to its confirmation, that such objections and exception cannot be made here in this court for the first time.

In looking carefully into the record, and into the scope of the bill filed, and the defendant's answer, and fully considering the submission and the award, we are satisfied the defendant's answers to the plaintiff's several suggestions are complete, and fully borne out by all the facts and proceedings in the cause.

No objection whatever was made to the award in the court below—no exception of any kind.

The award is the decree, for the decree does not differ from the award in any respect, and we cannot see that it is obnoxious to any one of the suggestions of the plaintiff in error.

The award is fully within the terms and purposes of the submission—is certain to every ordinary intent, and leaves nothing open or unsettled for future controversy and adjudication. The decree is therefore affirmed.

*Decree affirmed.*